UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY RICHARDS,

          Plaintiff,

    v.

SUTTER PACIFIC MEDICAL
FOUNDATION, et al.,

          Defendants.

Case No.  19-cv-01136-JCS

**REPORT AND RECOMMENDATION
RE REVIEW UNDER 28 U.S.C. § 1915**

United States District Court
Northern District of California

## I.    INTRODUCTION

Plaintiff filed an application for leave to proceed in forma pauperis as well as a motion for a temporary restraining order ("TRO Motion").  The Court granted Plaintiff's request to proceed in forma pauperis and therefore is required to review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The undersigned has reviewed Plaintiff's complaint and finds that it is not sufficient to survive the Court's initial review because he has not stated any claim or established that this case is subject to federal jurisdiction. Because the undersigned does not have the consent of all parties he is unable to rule on the pending motion for a Temporary Restraining Order. Accordingly, the case shall be immediately reassigned to a district judge for action on this Report and Recommendation and the TRO Motion.

## II.    BACKGROUND

In his Complaint, Plaintiff alleges that he has been subject to retaliation and discrimination by various individuals at the Sutter Pacific Medical Foundation Call Center, the Sutter Pacific Medical Foundation and California Med-Cal.  He alleges that they have refused to provide him with his "life-saving oxygen supplies and portable oxygen concentrator for his wheelchair, and repairs to his power wheelchair" and that as a result he is "severely medically compromised" and

experiencing "severe emotional distress." He asserts a claim under 42 U.S.C. § 1983. He also acknowledges that his complaint is inadequate and asks the Court for leave to amend.

## III.   ANALYSIS

### A.   Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), where the Court has granted an application to proceed in forma pauperis, it must review the complaint and dismiss it if it is (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that lacks such statement fails to state a claim and must be dismissed. Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute*, *as recognized in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

### B.   Discussion

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Here, there is no allegation of diversity jurisdiction. Plaintiff does, however, invoke a federal statute, 28 U.S.C. § 1983.

In order to state a claim under 28 U.S.C. § 1983 a plaintiff must identify a federal

United States District Court
Northern District of California

2

constitutional or statutory right that has allegedly been violated by a state actor. *See Albright v. Oliver*, 510 U.S. 266, 270 (1994) (Section 1983 does not create any independent substantive rights, but merely provides a vehicle by which individuals may vindicate "federal rights elsewhere conferred."). Plaintiff has not done so. Therefore, as currently pled, Plaintiff has not plead facts that would state a claim under section 1983, and has not established the existence of federal jurisdiction.

## IV.    CONCLUSION

It is recommended that in addition to any action the district judge deems appropriate on Plaintiff's TRO Motion that the Complaint be dismissed with leave to amend. If Plaintiff objects to the recommendations above, he may file objections no later than **fourteen days** after he is served with a copy of this Report. *See* 28 U.S.C. § 636(b).

Plaintiff is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, California. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, California. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated:  February 28, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

3